# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RILEY ERNEST HORN,** | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. PWG-17-3633 |
| **STATE OF MARYLAND,** | * | |
| **JOHN C. WOBENSMITH,** | | |
| **DISTRICT COURT OF MARYLAND FOR** | * | |
|   **MONTGOMERY COUNTY,** | | |
| **CIRCUIT COURT FOR MONTGOMERY** | * | |
|   **COUNTY,** | | |
| **CURTIS L. ZEAGER,** | * | |
| **PAUL ZMUDA,** | | |
| **MONTGOMERY COUNTY POLICE** | * | |
|   **DEPARTMENT,** | | |
| **J. THOMAS MANGER,** | * | |
| **T. CARLSON,** | | |
| **RENEE MERRIMAN,** | * | |
| **JOHN DOE BROWER, BADGE NO. 2167,** | | |
| **JOHN BEARDSLEY, BADGE NO. 1253,** | * | |
| Defendants. | * | |

\*\*\*\*\*

## MEMORANDUM OPINION

On December 7, 2017, Riley Ernest Horn, a resident of Lanham, Maryland, filed a fee-paid complaint against twelve named defendants. The complaint is in many respects devoid of factual specificity, but full of conclusory statements and legal citations of questionable relevance. As best I can discern, the complaint, which purports to raise claims of "trespass" and "trespass on the case," is brought pursuant to 42 U.S.C. § 1983 to challenge Horn's arrest, incarceration, and prosecution.[1]

---

[1] Although Horn's civil cover sheet indicates that he wishes to allege that defendants engaged in tortious conduct, his complaint refers repeatedly to state actors and others allegedly conspiring with

Because Horn fails to state a claim against the State of Maryland, the District Court or the Circuit Court of Maryland for Montgomery County, or Defendants Zeager, Zmuda, Carlson or Wobenstein, his case will be dismissed as to these Defendants. And, because the state criminal proceedings against him are ongoing, the remainder of his claims will be stayed pending resolution of the state court case.

**Background**

A warrant was issued against Horn in August of 2017, and he was arrested and charged in the District Court of Maryland for Montgomery County with counts of armed robbery, conspiracy to commit armed robbery, first-degree assault, and use of a firearm by a felon convicted of a violent crime. *See State v. Horn*, No. 3D00373432 (Montgomery Cty. Dist. Ct.), http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=3D00373432&loc=23&detailLoc=DSCR; Fed. R. Evid. 201(b) (permitting judicial notice of state court proceedings); *see also* Warrant Application, ECF No. 1-1. Horn's complaint fails to disclose what actions each defendant supposedly took, but Officers Merriman, Beardsley, and Brower appear to have been involved in investigating neighborhood complaints and filing a criminal complaint against Horn. *See* Warrant Application. The case was forwarded to the Circuit Court for Montgomery County, where an indictment was filed on October 19, 2017. Horn was represented by Assistant Public Defender Paul Zmuda,[2] and the case currently is being prosecuted by Assistant State's Attorney Curtis L. Zeager, two named defendants in this case. *See State v. Horn*, No. 132610C (Montgomery Cty. Cir. Ct.),

---

them acting under "color of law." Compl. ¶¶ 1, 4, 5, 6, 11, 13, 14, ECF No. 1. Moreover, this Court lacks jurisdiction to review state-law claims where, as here, the parties are not diverse, unless the complaint also raises a federal question. *See* 28 U.S.C. §§ 1331, 1332. Accordingly, in the interest of justice, I construe his complaint as brought pursuant to 42 U.S.C. § 1983. *See* Fed. R. Civ. P. 1.

[2] According to the State court docket, the oral motion to strike Mr. Zmuda as counsel was granted on December 8, 2017.

2

http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=132610C&loc=68&detailLoc=MCCR. Pre-trial proceedings are scheduled for February of 2018, and trial is set for April of 2018. *See* State Ct. Docket.

Horn alleges that on or about September 19, 2017, while visiting family in Michigan, he was "harassed, threatened, coerced, kidnapped and carried away by two unidentified males in an unmarked vehicle." Compl. ¶¶ 18-22, ECF No. 1. He alleges he was detained in a local Michigan jail and transported to the Montgomery County Detention Center, where he remains imprisoned. *Id.* Horn requests damages, as well as declaratory and injunctive relief (dismissal of the state charges and release from detention). *Id*. at 8-9.

## Discussion

It is well established that a Court has broad inherent power to dismiss an action, or part of an action, which is frivolous, and may exercise its discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that a plaintiff lacks standing, that subject matter jurisdiction does not exists, or that a case fails to state a claim. *See Mallard v. United States Dist. Ct. for S.D. of Iowa,* 490 U.S. 296, 307-08 (1989) (courts have authority to dismiss a frivolous or malicious lawsuit even in absence of a specific statutory provision); *Ross v. Baron,* 493 Fed. App'x 405, 406 (4th Cir. 2012) (unpublished) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid"); *Fitzgerald v. First E. Seventh St. Tenants Corp.,* 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts may dismiss frivolous complaints *sua sponte,* even when a plaintiff has paid the filing fee, noting that "district courts are in particular likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources"); *Ferebee v. Jeanett P. Henry,*

*LLC*, No. PWG-17-1397, 2017 WL 2812803, at *1 (D. Md. June 28, 2017) (noting Court's authority to dismiss frivolous claims *sua sponte* even when plaintiff pays filing fee). Additionally, while this Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys, *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990).

Section 1983 provides for the liability of "[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Neither a state nor an agency of a state, such as a state's courts, is a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Therefore, the complaint may not proceed against the State of Maryland or the District or Circuit Court of Maryland for Montgomery County. The claims against these Defendants will be dismissed with prejudice. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (noting that "dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim").

Horn also named the Montgomery County Police Department as a defendant. "Local police departments are not legal entities amendable to civil suit—the local police department's parent municipal corporation is the proper defendant." *Costley v. City of Westminster*, No. GLR-16-1447, 2017 WL 35437, at *1 n.1 (D. Md. Jan. 4, 2017) (citing *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989)), *aff'd sub nom. Costley v. Steiner*, 689 Fed. App'x 753 (4th Cir. 2017). Montgomery County, however, is amenable to suit and qualifies as a "person" for purposes of

§ 1983. *See Peterson v. Prince George's Cty.*, No. PWG-16-1947, 2017 WL 2666109, at *2 (D. Md. June 21, 2017) ("The County, as a unit of local government, is a 'person [ ]' subject to suit under 42 U.S.C. § 1983, as stated in *Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978)." (citing *DiPino v. Davis*, 729 A.2d 354, 368 (Md. 1999)). Because Horn is proceeding *pro se*, I will construe his claims against the Montgomery County Police Department as claims against the County. *See Costley*, 2017 WL 35437, at *1 n.1; Fed. R. Civ. P. 1.

As for Defendant Wobensmith, "although § 1983 must be read against the background of tort liability that makes a man responsible for the natural consequences of his actions, liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (citation, alteration, and internal quotation marks omitted). I may take judicial notice that John C. Wobensmith is the Secretary of State for the State of Maryland. *See* Fed. R. Evid. 201(b). Horn does not allege that Wobensmith was personally involved in his arrest, detention or prosecution.

Of course, § 1983 allows for supervisor liability, but to establish supervisory liability under § 1983, a plaintiff must show that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Horn does not allege that Wobensmith was the police officers' supervisor, let alone that he had any knowledge of their conduct. Nor does he allege that Wobensmith had any response to their conduct. The claim against this defendant shall be dismissed. *See id.*; *Staten v. Batts*, No. CCB-15-599, 2015

WL 4984858, at *3 (D. Md. Aug. 17, 2015) (holding that plaintiff's "general and conclusory assertions" that police commissioner approved all department action and was "responsible for the Baltimore City Police and their actions" did "not provide a basis for finding supervisor liability"); *Coleman v. Comm'r of Div. of Corr.*, No. ELH-13-474, 2014 WL 2547787, at *4 (D. Md. June 4, 2014) ("[C]onclusory statements concerning [a] defendant's administrative responsibilities are insufficient to suggest personal involvement, so as to confer culpability [as a supervisor]. . . ."); *Chen v. Baker*, No. PWG-13-2564, 2014 WL 6835732, at *6 (D. Md. Dec. 2, 2014) (dismissing claim where plaintiff failed to allege "personal knowledge of and involvement" in purported constitutional rights violations (quoting *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985)); *see also Evans v. Chalmers,* 703 F.3d 636, 661 (4th Cir. 2012) (stating that plaintiff must "identify how 'each [supervisory] defendant, through the official's own individual actions, has violated the Constitution,' to ensure that the serious burdens of defending against this sort of lawsuit are visited upon a departmental supervisor only when the complaint 'plausibly suggest[s]' that the supervisor engaged in 'his or her own misconduct'" (quoting *Iqbal,* 556 U.S. at 676, 677, 681)).

It appears that Horn has named Assistant State's Attorney Curtis Zeager as a party because of his prosecutorial actions and Public Defender Paul Zmuda as a party for his representation of Horn in the state court proceeding. It is not clear what basis Horn has for naming Carlson, a Court Commissioner in Montgomery County. In any event, none of these defendant is amenable to suit under § 1983. Zeager is absolutely immune from liability for damages under § 1983 for actions taken in his prosecutorial capacity, because the decision whether to prosecute plainly falls under such protected actions. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341-43 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Similarly, as a court commissioner, Carlson is subject to quasi-judicial immunity. *See Horsey v. State Comm'r No. 2112*, No. ELH-14-397, 2014 WL

6

2548130, at *1-2 (D. Md. June 4, 2014) (noting that quasi-judicial immunity, an absolute immunity, "extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune," and that court commissioners are "entitled to absolute quasi-judicial immunity for the decisions made in the context of judicial proceedings"). Further, even if these defendants were not immune, the claims against them would fail for lack of personal involvement. *See Vinnedge*, 550 F.2d at 928. With regard to Zmuda, the jurisdictional and threshold requirements of § 1983 civil actions are that a substantial federal question be asserted and that the named defendant be acting "under color of" state law. *See* 28 U.S.C. §§ 1343(a)(3) and (4); 42 U.S.C. § 1983; *see also West v. Adkins*, 487 U.S. 42, 49-50 (1988). A defense attorney, whether privately retained or court-appointed, represents only his client, and is not a state actor. *See Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976). Thus, Zmuda does not act "under color of" state law. Horn's vague and conclusory allegations of conspiracy are not sufficient to state a claim against Zmuda as a state actor. *Moore v. Jordan*, No. TDC-16-1741, 2017 WL 3671167, at *4 (D. Md. Aug. 23, 2017) ("Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678."). Zeager, Carlson and Zmuda are not liable for damages under § 1983.

The complaint against the remaining defendants also is deficient. Absent extraordinary circumstances, a federal court must not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding). The abstention doctrine of *Younger* establishes that under principles of comity

7

and federalism, a federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Younger*, 401 U.S. at 44. Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and the federal relief sought would interfere in some manner with the state court litigation presented. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

The factors requiring abstention are present with regard to Horn's claims for injunctive relief. First, the state court proceedings against Horn are ongoing. Second, a pending criminal proceeding clearly implicate an important state interest. Third, Horn could have raised his challenges to the validity of the warrant and the constitutionality of his arrest and prosecution in state court. Fourth, a finding by this Court that some portion of his state court prosecution was unconstitutional, would clearly interfere with the state court litigation. Therefore, the complaint against the remaining defendants is dismissed without prejudice insofar as Horn seeks injunctive relief. *See Middlesex Cty. Ethics Comm.*, 457 U.S. at 432

However, the Court's discretion to decline to exercise jurisdiction by dismissing under *Younger* does not extend to Horn's causes of action for damages, which may be stayed but not dismissed on abstention grounds. *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 721 (1996). Accordingly, I will stay Horn's remaining claims for damages (those against Montgomery County, Manger, and Officers Merriman, Brower, and Beardsley) and administratively close this case, subject to reopening upon notice from Horn within thirty days of the conclusion of the state court case.

A separate order follows.


Date: February 2, 2018                         /S/
                                        Paul W. Grimm
                                        United States District Judge